**IN THE COURT OF APPEALS OF IOWA**

No. 20-1599
Filed March 3, 2021

**IN THE INTEREST OF A.D. and S.D.,**
**Minor Children,**

**D.D., Father,**
    Appellant,

**A.L., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

A mother and father separately appeal the juvenile court order terminating their parental rights to their minor children. **AFFIRMED ON BOTH APPEALS.**

Jeannette Keller of Bowman, DePree & Murphy, West Liberty, for appellant father.

Sue Kirk of Arnott & Kirk, PLLC, Coralville, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

The mother and father separately appeal the district court order terminating their parental rights to their minor children, A.D. and S.D. The juvenile court terminated both parents' rights under Iowa Code section 232.116(1)(f) (2020). On appeal, the mother and father each argue (1) the juvenile court erred by not granting additional time to work towards reunification and (2) the juvenile court erred by not declining to terminate the parents' rights under section 232.116(3)(c) due to the closeness of the parents' relationship with the children.[1]

"We review termination of parental rights proceedings de novo." *In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re Z.P.*, 948 N.W.2d 518, 522–23 (Iowa 2020) (per curiam) (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).

The parents do not dispute either that the statutory grounds for termination have been shown[2] or that termination is in the children's best interest. Instead,

---

[1] The mother raises a third issue on appeal, namely, that the safety precautions implemented in response to the COVID-19 health emergency prevented her from having regular meaningful contact the children. She does not, however, point to any specific places in the record to demonstrate how the restrictions imposed prevented her from having contact with the children, nor does she explain how the legal authorities she cites relate to her argument. As such, we consider this argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

[2] The mother makes a reference to Iowa Code section 232.116(1)(f) in her statement of the issues, suggesting she may be challenging the statutory grounds for termination. However, her citation to the statutory ground is blended with her challenge to the failure to grant additional time. To the extent the mother's passing reference to section 232.116(1)(f) was a challenge to the statutory grounds for termination, we find the challenge waived due to failure to cite authority or develop an argument in support of the challenge. *See* Iowa R. App. P. 6.903(2)(g)(3); *State*

both argue that, despite these findings, the juvenile court erred by declining to provide them six additional months to work towards reunification. *See* Iowa Code §§ 232.117(5) (permitting the juvenile court to enter a permanency order pursuant to section 232.104 if the court does not terminate parental rights); 232.104(2)(b) (allowing the juvenile court to grant the parents an additional six months to work towards reunification if it finds "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").

We agree with the juvenile court and conclude an additional six months would not resolve the parents' mental-health and substance-abuse problems that led to the removal. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases citing a parent's failure to address their mental-health issues as a reason to affirm termination). A.D. and S.D. were originally removed from the parents' care in August 2019 following reports the mother was using methamphetamine in their presence. Both parents admitted to using methamphetamine in the home. Despite acknowledging their drug use, neither has been able to adequately address it. Since drug testing was requested in August 2019, each parent has only returned one drug patch and each of those patches tested positive for methamphetamine. The father completed intensive outpatient treatment, but he admitted to relapsing during treatment. The father admitted he had used methamphetamine about six to eight weeks before the

---

*v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (noting a "passing reference" in a brief is insufficient).

termination hearing and had only been sober about six months out of the past fifteen. The mother had not completed intensive outpatient treatment, and she did not have any concrete plans to address substance-abuse issues in a meaningful way.

The parents' mental-health issues are similarly unresolved. Neither parent has addressed the parent's mental-health issues apart from taking medication. Even the taking of medication has been haphazard, as the record indicates the parents have not consistently taken their medications as prescribed. Both parents report that they have sought treatment and attended counseling, but nothing in the record corroborates their claims and their past history of repeated lying about their actions caused the juvenile court not to believe any claims that could not be corroborated.

Our review of the record causes us to agree with these observations and findings by the juvenile court regarding the parents' request for a six-month extension of their reunification window:

> Finally, the Court finds that [it] is not in the best interests of [the children] to grant the parents more time in light of [the parents'] failure to take advantage of services, their poor history of response to services, and their long history of serious problems with substance abuse and dishonesty. It is significant to the Court that [the parents] failed and refused to take advantage of the services they were offered in 2016 after [the younger child] was born testing positive for marijuana. . . .
>
> The Court cannot find any convincing evidence to indicate that either parent will make any significant or sustained progress, such that the children could be returned within the foreseeable future. Since the removal, [the parents] have had fifteen months to work toward the goal of reunification. They admit that they will not be ready to have the children returned to them for at least two more months. In the judgment of the Court, this is wildly unrealistic. There is simply no way the Court would consider returning the children until

the parent(s) had shown the ability to complete treatment, develop a plan for sobriety, and stick to it for at least several months.

In simple terms, the parents have not made adequate efforts to address the issues that keep the children from returning to their care. Based on their performance in the fifteen months since the children were originally removed, there is no indication that the reasons for removal will no longer exist after an additional six months. As such, an extension is not warranted.

Finally, both parents urge us to decline to terminate their parental rights under Iowa Code section 232.116(3)(c), which permits us to avoid termination in situations where "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." We apply the section 232.116(3) factors at our discretion. *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016). The parents "bear[] the burden to prove the permissive—not mandatory—factor applies to prevent termination." *In re A.H.*, 950 N.W.2d 27, 42 (Iowa 2020). The juvenile court addressed section 232.116(3)(c) in its termination order, noting that, while the children enjoy their visits with their parents, the children "now look to others" to fulfill their needs and "[a]ny harm to the children from the loss of their parents" would be reduced by placing them in a stable home. Based on our de novo review, we agree. We thus decline to apply section 232.116(3)(c) to avoid terminating the parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**